**Thomas Picken McGARRITY, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Respondent-Appellee.**

**No. 71-2050**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Nov. 30, 1971.

Thomas P. McGarrity, pro se.

Crawford C. Martin, Atty. Gen. of Texas, Gilbert J. Pena, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of

PER CURIAM:

Thomas McGarrity, a prisoner of the State of Texas, has appealed from the district court's denial of his petition for writ of habeas corpus. The district court held an evidentiary hearing at which McGarrity and several other witnesses testified. At the hearing McGarrity was represented by court-appointed counsel.

McGarrity was tried by a jury in Texas state court and convicted of statutory rape of a twelve-year-old girl. On December 2, 1969, he was sentenced to life imprisonment. There was no direct appeal, but the petitioner, as the district court held, has properly exhausted his available state post-conviction remedies. The petitioner presented the following grounds for relief in the district court, and he urges the same grounds on appeal:

1. denial of a preliminary hearing;
2. denial of the right to make a telephone call after his arrest;
3. prejudicial comments of the prosecuting attorney during the trial;
4. denial of a transcript of his state trial;
5. state interference with his right of direct appeal;
6. ineffective assistance of his privately-retained counsel;
7. insanity at the time of the offense and mental incompetence to stand trial;
8. state suppression of evidence favorable to his defense.

After the hearing, the district court made extensive findings of fact and conclusions of law and denied habeas relief. The opinion of the district court is reported at 335 F.Supp. 1186. We have carefully reviewed the record. We have found no error of law nor anything approaching "clear error," F.R.Civ.P. 52 (a), in the district court's findings of fact. Therefore, the denial of habeas relief is affirmed.

New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.